IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES E. LANE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:13-cv-437 (MTT) (CHW) |
| | : | |
| CAROLYN W. COLVIN, | : | Social Security Appeal |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### REPORT AND RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff James E. Lane's application for benefits. Because the Commissioner's decision is based on the application of proper legal standards and is supported by substantial evidence, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

### BACKGROUND

Plaintiff claims to suffer from lower-extremity edema, morbid obesity, and cardiac problems. Plaintiff filed applications for Title II and Title XVI benefits in March 2010, but his applications were denied initially and on reconsideration, (R. 71–74), and a reviewing ALJ determined that Plaintiff was "not disabled" on April 13, 2012. (R. 21–29). The Appeals Council denied review in Plaintiff's case on September 23, 2013, (R. 13), and Plaintiff now seeks review before this Court, arguing (1) that the ALJ "ignore[d] or understate[d] the most significant findings and conclusions" of two medical sources, (Doc. 14, p. 9), and (2) that the ALJ improperly discounted Plaintiff's credibility based, in part, on Plaintiff's failure to lose weight. Because the record does not support Plaintiff's arguments, it is recommended that the Commissioner's decision be affirmed.

1

**STANDARD OF REVIEW**

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether that decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Eleventh Circuit has explained that reviewing courts may not decide the facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *Id.* Rather, if the Commissioner's decision is supported by substantial evidence, that decision must be affirmed even if the evidence preponderates against it.

**EVALUATION OF DISAIBLITY**

Social Security claimants are "disabled" if they are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178 (11th Cir. 2011).

## DISABILITY EVALUATION IN THIS CASE

Following the five-step sequential evaluation process, the reviewing ALJ made the following findings in this case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2010. (R. 23). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "obesity[,] congestive heart failure with cardiomyopathy and cardiomegaly, hypertension, osteoarthritis in the left knee, [and] chronic obstructive pulmonary disease." (R. 23). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or equaling one of the listed impairments. (R. 23). Therefore, the ALJ assessed Plaintiff's RFC and determined that Plaintiff could perform:

> [L]ight work . . . with exceptions. The claimant can occasionally lift or carry and push or pull 20 pounds. The claimant can frequently lift or carry and push or pull 10 pounds. The claimant can stand or walk for 4 hours of an 8-hour day or sit for 6 hours of an 8-hour day. The claimant can occasionally kneel, crawl, crouch, stoop, balance, and climb ramps or stairs. The claimant cannot climb ladders, ropes, and scaffolds or similar hazards. The claimant can tolerate no extreme cold or heat and no more than occasional atmospheric conditions such as smoke, dust or fumes.
>
> (R. 24)

At step four, the ALJ found that Plaintiff could not perform any of his past relevant work. (R. 27). At step five, though, the ALJ found that Plaintiff could make an adjustment to "other work." (R. 28). Specifically, the ALJ determined that Plaintiff could perform the requirements of representative occupations like "Routing Clerk," "Cashier II" and "Furniture Rental Consultant." (R. 28). Therefore, the ALJ found Plaintiff "not disabled" within the meaning of the Social Security Act.

## ANALYSIS

Plaintiff argues that the ALJ erred by (1) ignoring findings from (a) Dr. Karunaker Sripathi, a treating physician, and from (b) Dr. Stanley Wallace, an examining physician; and also by (2) improperly considering Plaintiff's failure to lose weight as a factor in discounting Plaintiff's credibility. As discussed below, the record does not support Plaintiff's arguments, and it is therefore recommended that the Commissioner's decision be affirmed.

### (1) Medical Evidence

(a) <u>Dr. Karunaker</u>

Although the ALJ assigned "great weight" to Dr. Karunaker's August 2010 "Cardiac Questionnaire," (R. 26, 303–04), the ALJ did not discuss the fact that Dr. Karunaker assigned Plaintiff a Class III New York Heart Association ("NYHA") rating, which designates a "marked limitation in physical activity."[1] Plaintiff argues that this error of omission or mischaracterization of Dr. Karunaker's questionnaire renders the ALJ's opinion deficient, but the record indicates otherwise. In addition to his Class III NYHA rating, Dr. Sripathi found, in the same August 2010 "Cardiac Questionnaire" that Plaintiff:

- was "[a]ble to ambulate well and carry out his" activities of daily living;
- suffered from "infrequent" symptoms;
- needed to avoid only "extreme activity" in order to prevent symptoms; and
- had his disease "under control."

(R. 303–04)

Based on these findings, and taken as a whole, Dr. Karunaker's "Cardiac Questionnaire" is not inconsistent with an RFC allowing for modified light work. In other words, the record does

---

[1] http://www.heart.org/HEARTORG/Conditions/HeartFailure/AboutHeartFailure/Classes-of-Heart-Failure_UCM_306328_Article.jsp#

not indicate that the ALJ mischaracterized Dr. Karunaker's opinion, or that the ALJ erred by assigning Dr. Karunaker's opinion "great weight." Nor did the ALJ commit a reversible error merely by failing to mention Dr. Karunaker's Class III NYHA rating in the text of his opinion. As the Eleventh Circuit has noted, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). In this case, the record indicates that the ALJ adequately considered both Dr. Karunaker's "Cardiac Questionnaire" and Plaintiff's general medical condition "as a whole," as was required. *Dyer*, 395 F.3d at 1211. There is, therefore, no basis to remand.

(b) Dr. Wallace

The ALJ similarly did not err by mischaracterizing or omitting findings from Dr. Wallace's February 2012 examination report. Here again, the Eleventh Circuit's holding in *Dyer* is applicable: so long as the ALJ's opinion is not "a broad rejection," and so long as the ALJ's opinion evidences that the ALJ considered the claimant's "medical condition as a whole," the ALJ's failure to refer to each and every piece of evidence is not ordinarily grounds for reversal. 395 F.3d at 1211.

Plaintiff argues that the ALJ failed to discuss a number of Dr. Wallace's findings, (Doc. 14, p. 10; Doc. 17, pp. 4–5), but the record contradicts Plaintiff's argument on a number of points. For example, Plaintiff argues that the ALJ failed to mention findings that Plaintiff "had 'wheezes' . . . and had diminished breath sounds," (Doc. 14, p. 10), but the ALJ's discussion of Dr. Wallace's report specifically states: "Upon examination, [Plaintiff] had wheezes and his breath sounds were diminished." (R. 26). Plaintiff also argues that the ALJ erred in failing to recount findings of "2+ pedal edema," "short[ness] of breath after minimal exertion," and "*significant* difficulty stooping and climbing onto the examining table," (emphasis added), but

5

contrary to Plaintiff's argument, the ALJ specifically noted that Plaintiff suffered, or claimed to suffer, from:

- pedal edema, "swelling of his legs and hands, and "swelling in both his feet and hands," (R. 25);
- shortness of breath and difficulty breathing, (R. 25–26); and
- "difficulty stooping and climbing onto the examination table, (R. 26).

The mere fact that the ALJ did not track Dr. Wallace's precise language does not show that the ALJ failed to consider Plaintiff's "medical condition as a whole," as was required. Additionally, other findings in Dr. Wallace's report more strongly support the ALJ's interpretation of Dr. Wallace's report. For example, Dr. Wallace indicated that Plaintiff:

- had a "full range of motion," (R. 422);
- had a manual function strength of 5/5, and could use his hands for filing, typing, sewing, working with small pieces of equipment, or for heavy work such as lifting heavy objects, (R. 422);
- had "no difficulty getting on and of[f] the exam table," (R. 422);
- had "no difficulty standing on toes and heels," (R. 422); and
- had only "moderate difficulty squatting and hopping secondary to joint pain," (R. 422).

Given these findings by Dr. Wallace, and given the ALJ's consideration of Plaintiff's breathing impairments, edema, and his obesity-related limitations, there is no basis to conclude that the ALJ mischaracterized or failed to consider portions of Dr. Wallace's report.[2]

---

[2] Moreover, the findings of Dr. Wallace, a one-time consulting examiner are not entitled to greater weight than the findings of Dr. Sripathi, a treating physician. *See, e.g.*, *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (holding that the opinions of one-time examiners were "not entitled to deference because . . . they were not treating physicians").

### (2) Obesity

Plaintiff last argues that the ALJ impermissibly based his negative credibility determination on Plaintiff's failure to lose weight.[3] In considering this argument, the Court must not conflate two different standards related to a failure to comply with a doctor's orders. The first standard allows ALJs to find claimants "not disabled" if those claimants do not follow prescribed treatment that can restore their ability to work. *See* 20 C.F.R. §§ 404.1530, 416.930; *see also McCall v. Bowen*, 846 F.2d 1317, 1319 (11th Cir. 1988) (discussing § 416.930 in the context of obesity). The second standard allows ALJs to consider the failure to follow prescribed treatment *as a factor* in assessing claimants' credibility. *See* S.S.R. 96-7p.[4]

The ALJ in this case employed the second standard, as opposed to the first. In other words, the ALJ did not find Plaintiff "not disabled" under § 416.930, which requires "express findings," *McCall*, 846 F.2d at 1319 (citing *Patterson v. Bowen*, 799 F.2d 1455, 1460 (11th Cir. 1986)), but rather merely discounted Plaintiff's credibility due to Plaintiff's continued obesity.

In discounting Plaintiff's credibility due to his failure to lose weight, the ALJ erred. As Plaintiff notes, the ALJ appears to have improperly relied upon boilerplate recommendations in two "high blood pressure" forms, (R. 395, 403), which suggest—but do not prescribe—that Plaintiff "[e]at a low-fat diet," "[g]et some aerobic exercise for at least 20 minutes on a daily basis," and "[l]ose excess weight." *See McCall v. Bowen*, 846 F.2d 1317, 1319 (11th Cir. 1988) ("A physician's recommendation to lose weight does not necessarily constitute a prescribed course of treatment").

---

[3] *See, e.g.*, *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) ("credibility determinations are the province of the ALJ").

[4] 1996 WL 374186 at *7 ("the individual's statements may be less credible if . . . the individual is not following the treatment as prescribed and there are no good reasons for this failure").

That said, the ALJ's error was harmless. The ALJ considered many factors in discounting Plaintiff's credibility, including: (1) medical evidence indicating that Plaintiff's strength, breathing, and low ejection fraction improved following treatment for pneumonia, (R. 25); (2) the lack of "signs of chronic edema or loss of range of strength and range of motion . . . to support [Plaintiff's] leg pain complaints," (R. 25); (3) the medical evidence from Dr. Sripathi, Plaintiff's treating physician, who indicated that Plaintiff benefitted from medical improvement, (R. 26); and (4) Plaintiff's inconsistent statements regarding his smoking. (R. 26). Because these other factors, which Plaintiff did not address, adequately support the ALJ's negative credibility determination, the ALJ's improper consideration of Plaintiff's continued obesity was harmless. *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859–60 (11th Cir. 2012) (finding an ALJ's credibility error "harmless").

## CONCLUSION

After a careful consideration of the record, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of December, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge